IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**SERGEY GORNEFF,**

           Plaintiff,

v.                                                                                    CIVIL ACTION NO. 3:23-cv-233
                                                                                                    (GROH)

**METROPOLITAN COMMERCIAL BANK,
RUSLAN ILISHAYEV,
SAMIRA ASSIL,
ROSEANN MANOS, and
DAVID EISENBERGER,**

           Defendants.

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Currently pending before the Court is pro se Plaintiff Serge L. Gorneff's Motion [ECF No. 2] for Leave to Proceed in Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff's Complaint lacks subject matter jurisdiction and fails to state a claim, the undersigned recommends that Plaintiff's Complaint be DISMISSED, without prejudice, and Plaintiff's Motion to Proceed In Forma Pauperis be DENIED as moot.

---

[1] This Motion was referred to the undersigned by order of District Judge Groh filed on November 16, 2023. ECF No. 4.

## II.     THE COMPLAINT

Plaintiff is a resident of Charles Town, West Virginia.  He alleges that he opened a "defi 3732 wallet Crypto.com account with the amount of 24,137 USDT"[2] with Defendant Metropolitan Commercial Bank in New York City, New York. ECF No. 1 at 7. Thereafter, Plaintiff's business partner[3] sent 38,000 USDT to this account. Id.  Plaintiff alleges that on December 13, 2022, the full amount of 62,137 USDT was transferred to "pledging"[4] without his authorization. Id.  He also asserts that his account was blocked because the account did not meet the requirement of the pledging, which is having 100,000 USDT in the account. Id.

Plaintiff still cannot access his account and asserts that the bank committed fraud by not informing him of the pledging requirement in advance. Id. He claims that "pledging is a Ponzi scheme in ETH Finance option." Id. at 5. The inability of Plaintiff to recover the funds in this crypto account with Metropolitan Commercial Bank led to the filing of this lawsuit on November 13, 2023. ECF No. 1.[5]  As relief, he is requesting the return of his 62,137 USDT and access to his account. Id. at 6-7.

---

[2] USDT is a symbol used to trade Tether tokens. Tether belongs to a fast-growing breed of cryptocurrencies called stablecoins, which aim to keep the price of their tokens stable, most commonly by tying it to the price of a traditional currency like the U.S. dollar. Tether remains close to a $1 value because it holds a 1-to-1 ratio of the currency it is pegged to.
https://www.investopedia.com/terms/t/tether-usdt.asp
[3] Plaintiff's business partner is not a named party in this action.
[4] Pledging refers to a legal stipulation that securities be pledged as collateral for public fund or other specific, deposits. https://www.investopedia.com/terms/p/pledging-requirement.asp
[5] On March 27, 2023, Plaintiff filed a civil action in this Court alleging nearly identical grounds for relief. See 3:23CV83. That case was dismissed without prejudice by order dated August 22, 2023. 3:23CV83, ECF No. 12. The Plaintiff filed nearly an identical Complaint in the S.D.N.Y. in case 1:23CV9141. That matter remains pending.

### III.     STANDARD OF REVIEW

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . .." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. Furthermore, if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood

Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court").

When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts must read pro se allegations in a liberal fashion and hold those pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure . . . to allege facts which set forth a claim currently cognizable" in federal court. Gamache v. F.B.I., 2011 WL 4966281, at *1 (D.S.C. Apr. 19, 2011).

As stated above, 28 U.S.C. § 1915(e)(2)(B)(ii) permits the court to dismiss a complaint that "fails to state a claim on which relief may be granted." To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain enough facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Id. at 570. Therefore, in order for a complaint to survive dismissal for failure to state a

claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)).

## IV. DISCUSSION

### A. Jurisdiction

Only certain types of cases may be filed in federal district court. Before it can preside over a civil action, a federal district court must be able to exercise jurisdiction over the parties and particular claims raised in a complaint. A federal district court may exercise subject matter jurisdiction over cases that involve a "federal question" or those cases that involve a controversy exceeding $75,000.00 between citizens from different states. See 28 U.S.C. §§ 1331 and 1332. Under the Federal Rules of Civil Procedure, the Court may dismiss a case at any time if the court determines that the case lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In this case, Plaintiff did not provide a basis for jurisdiction.  ECF No. 1 at 2.  He marked "N/A" beside the jurisdiction portion of the form Complaint he submitted. Id.  Even though Plaintiff filled out the section of the form Complaint titled "If you checked Diversity of Citzenship," there is no basis provided for diversity jurisdiction or federal question in this case.

### 1. Diversity Jurisdiction

Under 28 U.S.C. § 1332, federal courts have original jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." § 1332(a). Section 1332 requires complete diversity of citizenship; that is, the citizenship of each plaintiff must be diverse from the citizenship of each and every defendant. Cent. W. Va. Energy Co. v. Mountain

5

State Carbon, LLC, 636 F.3d 101, 103 (4th Cir.2011) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)).

In this case, Plaintiff demonstrates diversity of citizenship[6] but does not satisfy the amount in controversy. Plaintiff requests as his relief the return of his 62,137 USDT, which is approximately $62,137 in United States currency.[7] Clearly, $62,137[8] does not exceed the sum or value of $75,000. Accordingly, the Court finds that Plaintiff did not plead an amount in controversy greater than $75,000 in accordance with 28 U.S.C. § 1332(a). There is no diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy does not exceed the statutory amount, and accordingly, this Court lacks subject matter jurisdiction over this case.

**2. Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Although Plaintiff did not assert federal question jurisdiction in his Complaint [ECF No. 1 at 2], he does cite to numerous federal criminal statutes. As a matter of law, "private plaintiffs may not bring suits to enforce statutes that do not provide a private cause of action." L.J. v. Wilbon, 633. Criminal statutes cannot be the basis of jurisdiction in a civil case. See Whittington v. U.S. Bank Nat. Ass'n, No. 4:12-CV-03167-MGL, 2013 WL 2285943, at *11 (D.S.C. May 23, 2013) (finding that a federal criminal statute did not give

---

[6] Plaintiff alleges that he is a citizen of West Virginia and that all the Defendants are citizens of New York.
[7] In the Injuries section of the form complaint, Plaintiff states "N\A (damage to health, destabilized nervous system)." ECF No. 1 at 6. However, Plaintiff provides no further information regarding his injuries and desired relief as a result of his alleged health injuries.
[8] Plaintiff asserts that he lost only 24,137 USDT as his business partner provided the remaining 38,000 USDT. However, neither of those amounts or those amounts combined exceed the statutory required amount of $75,000.

the court federal question jurisdiction over a civil case.). F.3d 297, 307 (4th Cir.2011) (citing Alexander v. Sandoval, 532 U.S. 275 (2001)).

Plaintiff cites to the following criminal statutes in this Complaint: Conspiracy to commit offense or to defraud United States (18 U.S.C. § 371), Racketeer Influenced and Corrupt Organizations (18 U.S.C. §§ 1961–68), Bankruptcy Fraud (18 U.S.C. § 157), Interstate or foreign shipments by carrier; State prosecutions (18 U.S.C. § 659), Making Extortionate Extensions of Credit (18 U.S.C. § 892), Financing Extortionate Extensions of Credit (18 U.S.C. § 893), Collection of Extensions of Credit by Extortionate Means (18 U.S.C. § 894), Fraud and related activity in connection with identification documents, authentication features, and information (18 U.S.C. § 1028), Fraud and Related Activity in Connection with Access Devices (18 U.S.C. § 1029), Fraud by Wire, Radio, or Television (18 U.S.C. § 1343), Fraud in Foreign Labor Contracting (18 U.S.C. § 1351), Influencing or Injuring Officer or Juror Generally (18 U.S.C. § 1503), Obstruction of Criminal Investigations (18 U.S.C. § 1510), Theft of Trade Secrets (18 U.S.C. § 1832), Offer, Acceptance, or Solicitation to Influence Operations of Employee Benefit Plan (18 U.S.C. § 1954), and Laundering of Monetary Instruments (18 U.S.C. § 1956). Plaintiff also references 18 U.S.C. § 891, which is the "Definitions and rules of construction" of Chapter 42. Extortionate Credit Transactions. Plaintiff has provided no further insight or alleged facts that would shed light on what definitions he would deem relevant or how this would be a civil cause of action against the defendants.

Regardless, all of the referenced sections of the U.S. Code provided in Plaintiff's Complaint are criminal statutes and cannot be the basis of jurisdiction in a civil case. While federal district courts do have jurisdiction over criminal cases, a plaintiff filing a civil

case cannot bring a criminal case against another person. See Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (stating that "[n]o citizen has an enforceable right to institute a criminal prosecution."). Accordingly, the Court cannot exercise jurisdiction over the alleged violations of federal criminal law asserted by Plaintiff in this civil case. There being no federal question jurisdiction, this Court lacks subject matter jurisdiction over this case.

### B. Failure to State a Claim

Liberal construction of a pro se Complaint does not relieve litigants of the requirements under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Here, the Plaintiff has failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. He has failed to identify proper causes of action, and therefore, has failed to state a claim upon which relief can be granted.

### V.  RECOMMENDATION

For the foregoing reasons, the undersigned finds that Plaintiff's Complaint lacks subject matter jurisdiction and fails to state a claim upon which relief can be granted. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's Motion to Proceed in Forma Pauperis [ECF No. 2] be **DENIED** as moot.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections

should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record, if any, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

**DATED:** November 28, 2023

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE